OPINION
{¶ 1} Defendant-appellant Donavan W. Gunckel appeals from his conviction and sentence, following a no-contest plea, upon one count of failing to register a change of address, as required by R.C. 2950.05(A) and (E)(1). Gunckel contends that the trial court erred by overruling his motion to dismiss the charge, upon the ground that he had *Page 2 
no duty to report as a sexual predator. Gunckel argued that because before July 1, 1997, he had been released, on parole, from the prison term for the sexually oriented offense for which he had originally been convicted, the statute imposing reporting requirements excludes him from its operation, even though he was returned to prison, for the same sexually oriented offense, as a result of a parole violation, and was in prison when his sexual offender classification was determined.
 {¶ 2} We conclude that the statutory reporting requirements did apply to Gunckel. Therefore, the trial correctly overruled his motion to dismiss, and the judgment of the trial court is Affirmed.
 I {¶ 3} In mid-1995, Gunckel was charged by indictment with one count of Gross Sexual Imposition, pled guilty, and was sentenced to two years in prison. In December, 1995, the trial court granted Gunckel's motion for shock probation and placed him on probation, suspending his sentence.
 {¶ 4} On March 12, 1997, Gunckel was found to have violated the terms of his probation, his probation was terminated, and his original sentence for Gross Sexual Imposition was re-imposed. Gunckel's transportation to prison was stayed for the purpose of facilitating his appearance at hearings on his sexual offender classification, which were held on May 12, and May 15, 1997. The trial court did not render an immediate decision on his sexual offender classification, and on May 16, 1997, Gunckel was transported to prison, to resume serving his original sentence for Gross Sexual Imposition. *Page 3 
 {¶ 5} Thus, Gunckel was in prison, serving a prison term for Gross Sexual Imposition, on July 1, 1997, a date that has significance under the statutory provision imposing reporting requirements for sexual offenders: R.C. 2950.04(A)(1)(a).
 {¶ 6} In October, 1997, the trial court found Gunckel to be a sexual predator.
 {¶ 7} In November, 2007, long after Gunckel had been released from prison on the Gross Sexual Imposition conviction, he was charged by indictment with one count of failing to register a change of address, as required by R.C. 2950(A) and (E)(1). Gunckel moved to dismiss the indictment, contending that the statutory reporting requirements for sexual offenders, by their terms, did not apply to him, since he had been released from prison during the prison term he was serving for Gross Sexual Imposition before July 1, 1997, a date specified in the statute.
 {¶ 8} The trial court overruled Gunckel's motion to dismiss the indictment. He pled no contest, was found guilty, and was sentenced accordingly. From his conviction and sentence, Gunckel appeals.
 II {¶ 9} Gunckel's sole assignment of error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED BY FAILING TO DISMISS THE CHARGE SINCE THE APPELLANT SHOULD NOT HAVE BEEN REQUIRED TO REGISTER UNDER O.R.C. § 2950.04."
 {¶ 11} In support of his assignment of error, Gunckel relies upon R.C. 2950.04(A)(1)(a), the applicable part of the statutory reporting requirement specifying who is covered by the requirement. That subdivision identifies the following person as *Page 4 
being covered by the reporting requirement:
 {¶ 12} "Regardless of when the sexually oriented offense was committed, an offender who is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and, on or after July 1, 1997, is released in any manner from the prison term, term of imprisonment, or confinement[.]"
 {¶ 13} Gunckel contends that he is not covered by the above-quoted part of the statute because he was released from the prison term imposed for his Gross Sexual Imposition conviction in 1995, when he was placed on shock probation, which was before July 1, 1997. In making this argument, Gunckel ignores the fact that he was also released from that prison term after July 1, 1997, when he completed the re-imposed prison term, or was otherwise released from serving that term.
 {¶ 14} Gunckel relies upon three decisions of the Supreme Court of Ohio: State v. Bellman (1999), 86 Ohio St.3d 208, 714 N.E.2d 381;State v. Taylor, 100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504; andState v. Champion, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718. The first two of these cases are easily distinguished. In State v.Bellman, supra, the defendant was released from being incarcerated on the sexually oriented offense before July 1, 1997, and, unlike Gunckel, was not thereafter incarcerated. Obviously, he was not covered by the statutory reporting requirement.
 {¶ 15} State v Taylor, supra, involved two defendants. Both had been incarcerated for sexually oriented offenses and released from incarceration before July 1, 1997. Both were later incarcerated for offenses that were not sexually oriented offenses. One had been released from incarceration for the non-sexually oriented offense after July 1, 1997; the other was still incarcerated for the non-sexually oriented *Page 5 
offense. Unlike Gunckel, neither of these defendants had had his prison term for a sexually oriented offense be re-imposed, and neither of these defendants had been released from his prison term for a sexually oriented offense after July 1, 1997.
 {¶ 16} State v. Champion, supra, is also distinguishable. In that case, the defendant was sentenced in May, 1978, to an indefinite sentence of from two to five years for Gross Sexual Imposition. That sentence was ordered to be served concurrently with two other sentences for offenses that were not sexually oriented. The defendant was paroled in 1989. Thereafter, he was convicted of another crime, not identified as having been sexually oriented, and went to prison. He was released again, but committed another crime not identified as sexually oriented, was imprisoned for that crime, and later released. Because the prison term for the defendant's original, sexually oriented offense was ordered to be served concurrently, the Supreme Court of Ohio reasoned that:
 {¶ 17} "The language [in the statute] says released `from the prison term,' not released from any prison term, as the state would have it. (Emphasis added). The GSI prison sentence had been completed, at the very latest, in 1983 (assuming the maximum sentence of five years). Champion could not, therefore, have been released from prison on or after July 1, 1997, on his GSI conviction.
 {¶ 18} "The state specifically acknowledged during the motion-to-dismiss hearing that Champion `was returned to prison on a different type of imprisonment, not on the GSI.' There appears to be no evidence that he was released from prison on a sexually oriented offense after July 1, 1997." Id., at 122, ¶¶ 9-10.
 {¶ 19} Gunckel seizes upon the first sentence in the first paragraph quoted above *Page 6 
to argue that he was not released from "the" prison term originally imposed for his Gross Sexual Imposition. But as the second paragraph makes clear, the significant fact in Champion is that the defendant had been "returned to prison [and later released] on a different type of imprisonment, not on the GSI." In Gunckel's case, he was returned to prison, as a result of a probation violation, to resume serving his prison sentence for Gross Sexual Imposition, a sexually oriented offense. His subsequent release from prison on the Gross Sexual Imposition conviction placed him squarely within the ambit of R.C. 2950.04(A)(1)(a), and the reporting requirements applied to him.
 {¶ 20} Gunckel's sole assignment of error is overruled.
 III {¶ 21} Gunckel's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and FROELICH, JJ., concur.
Copies mailed to:
Mathias H. Heck, Jr.
Johnna M. Shia
Douglas D. Brannon
 Hon. Michael Tucker *Page 1